The following decree was delivered by the Appeal Court:
Johnston, Ch.
A re-examination of the evidence, upon the argument here, satisfies me that my conclusion on the circuit was hasty and unwarranted.
The circumstances are calculated to throw great suspicion upon the transaction, and I confess, I still have doubts, and very strong doubts, whether the conveyance to the plaintiff’s testator was upon the consideration expressed in that instrument. But when the *228 question is of fraud, a matter that should not be presumed any more in equity than at law, (except when it arises by implication from fiduciary relations,) it would be going too far to set aside the explicit acknowledgment in the deed, unless upon very strong proof of its incorrectness.
The deed was drawn, as well as signed by Berkly Ferguson. The acknowledgment of the receipt of the consideration money is very special, not by way of recital, but with as much particularity as if it had been a separate receipt drawn up for the mere purpose of a receipt.
Opposed to this, are the circumstances referred to by me on the circuit. But they are, at best, but dubious, while this is certain. Besides, there is no necessary inconsistency between them. M'Pherson may have been induced to undertake the saving the negroes for Mrs. Ferguson, according to her request. But it is but fair to admit, that the means which he devised may have been fair and legal — that he may not have undertaken to save the negroes, except in a legal manner — that in order to do this, he may have paid their value, and allowed Mrs. Ferguson to have the use of them during her life.
If he did this, it was not only without fraud, hut was generous and praiseworthy.
That he did it, we have the positive admission of Berkly Ferguson; and the fact that the slaves were not afterwards disturbed in Mrs. Ferguson’s possession by those creditors who were dissatisfied at the deed to Mrs. Varlin, is some proof that money was paid by M'Pherson, which went to appease them.
The ground is correctly taken, that even if the deed was fraudulent, and even if it was avoidable by Ferguson, these defendants cannot impeach the plaintiT’s title. Suppose a failing debtor com veys to a friend, with a proviso-that a stranger shall have the use of the property for a given time; that stranger cannot dispute the right of the grantee under whom he holds. But here Mrs. Ferguson taires as a volunteer, and upon precisely the same condition as any other volunteer, though never so little connected with the parties.
*229 It is needless to say that the act of limitations can have any operation here. Mrs. Ferguson had notice of the deed, which was executed at her solicitations and for her benefit. She did not hold adversely, but consistently with the provisions of ihe deed.
It is decreed that the circuit decree be set aside, and that the defendants do deliver to the plaintiffs such of the slaves mentioned in the pleadings, with their issue, as have not been disposed of, and that out of the assets in their hands, they account for the value of such as have been sold, with interest, and also for the hire (since the death of their testatrix) of the slaves not sold; and that if the defendants do not admit assets, to pay the sums hereby decreed to the plaintiff, an account be taken and reported, of the assets of their testatrix, and of the proportion to which the plaintiffs are entitled in a due course of administration.
The defendants to pay the costs so far as they may have assets, the residue of the costs to be equally divided between the parties.